IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION
NO. _____

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 0:19-cv-00188-CMC |
| v. | ) ) | |
| SMARR HEATING & AIR CONDITIONING, LLC, WILLIAM R. SMARR, JR., and TONYA E. SMARR, | ) ) ) ) | **VERIFIED COMPLAINT** **(BENCH TRIAL DEMANDED)** |
| Defendants. | ) ) ) | |

Plaintiff, North American Specialty Insurance Company ("**NAS**"), complaining of Defendants Smarr Heating & Air Conditioning, LLC ("**Smarr Heating & Air**"), William R. Smarr, Jr., and Tonya E. Smarr (collectively the "**Defendants**"), would respectfully show unto this honorable Court as follows:

## INTRODUCTION

1. NAS commences this action for damages and injunctive relief based upon the breach by each of the Defendants of the General Indemnity Agreement (the "**Indemnity Agreement**") executed by Defendants in favor of NAS on April 4, 2018. Under the Indemnity Agreement, attached hereto as **Exhibit A**, Defendants are jointly and severally obligated to exonerate, hold harmless and indemnify NAS from and against any and all liability, loss, costs, damages, fees of attorneys and consultants, and other expenses, including interest, which NAS may sustain or incur by reason of, or in consequence of, the execution of surety bonds on behalf of Smarr Heating & Air.

2.  In addition, under the Indemnity Agreement, the entire contract price of any construction contract for which NAS has furnished a bond (hereinafter, a "**Bonded Contract**") shall be held in trust for the payment of obligations incurred in the performance of that Bonded Contract. All money paid under such a Bonded Contract shall be held in trust for the benefit of NAS for any liability or loss it may have or sustain under any bond.

3.  Further, pursuant to the Indemnity Agreement, upon demand from NAS, Defendants are obligated to provide access to their books, records, and accounts at any time, and NAS may obtain a decree of specific performance in the event that the Defendants refuse to provide access to the books, records, and accounts.

4.  Further, pursuant to the Indemnity Agreement, upon demand from NAS, Defendants are obligated to pay NAS an amount equal to the amount of a claim asserting liability or to the amount of a reserve established by NAS to cover any such claim.

5.  Based on the rights conveyed by the Indemnity Agreement executed by Defendants, NAS provided a performance and payment surety bond, both numbered 2257292, for a construction project in West Columbia, South Carolina on behalf of Smarr Heating & Air (collectively the "**Bonds**").

6.  The Owner under the Bond and Smarr Heating & Air's subcontractors have asserted various claims against NAS under the Bonds, seeking payment for labor, materials and equipment furnished for a Bonded Contract. As a result of Smarr Heating & Air's failure or refusal to pay for labor, materials and equipment furnished for a Bonded Contract, NAS incurred and paid some of these claims pursuant to the terms of the Bonds. Further, NAS has incurred, and will continue to incur, costs and expenses in addressing these claims, including but not limited to attorneys' fees and consultants' fees.

7. Defendants have breached their obligations under the Indemnity Agreement by, among other things, failing to hold the contract funds in trust and, by failing to provide NAS with access to their books, records, and accounts and, despite NAS's demands, by failing and refusing to indemnify NAS for damages incurred under the Bond.

## JURISDICTION AND VENUE

8. NAS is a corporation organized and existing under the laws of the State of New Hampshire, and maintains its principal place of business in the State of Illinois.

9. Defendant Smarr Heating & Air is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Great Falls, South Carolina.

10. Upon information and belief, Defendants Mr. and Mrs. Smarr reside in Great Falls, South Carolina.

11. This Court has subject matter jurisdiction over this action and the parties to this action pursuant to 28 U.S.C. § 1332 as there is diversity among the parties and because the amount in controversy exceeds $75,000.00.

12. Venue is proper in this district under 28 U.S. § 1391 because this is the district in which the Defendants reside and in which Smarr Heating & Air has its principal place of business.

## GENERAL ALLEGATIONS

13. On or about April 4, 2018, Defendants executed the Indemnity Agreement in favor of NAS. A true and correct copy of the executed and notarized Indemnity Agreement is attached hereto as **Exhibit A**.

14. Defendants entered into the Indemnity Agreement for the explicit purpose of

requesting NAS to "execute or procure the execution of surety bonds" on behalf of Smarr Heating & Air. *See* **Exhibit A** at 1.

15. Defendants "jointly and severally" agreed to the terms of the Indemnity Agreement. *Id*.

16. Pursuant to Paragraph Two of the Indemnity Agreement, Defendants agreed, among others, to "exonerate, hold harmless and indemnify [NAS] from and against any and all Loss. For the purpose of this Agreement, Loss means any liability, loss, costs, damages, attorneys' fees, consultants' fees, and other expenses, including interest, which the Surety may sustain or incur by reason of, or in consequence of the Bond (or any renewals, continuations or extensions. Loss includes but is not limited to the following: (a) sums paid or liabilities incurred in the settlement of claims; (b) expenses paid or incurred in connection with the investigation of any claims; (c) sums paid in attempting to procure a release from liability; (d) expenses paid or incurred in the prosecution or defense of any suits; (e) any judgments under the Bonds; (f) expenses paid or incurred in enforcing the terms of this Agreement; (g) sums or expenses paid or liabilities incurred in the performance of any Bonded contract or related obligation; and (h) expenses paid in recovering or attempting to recover losses or expenses paid or incurred."

17. In reliance upon the rights conveyed by Defendants in the Indemnity Agreement, NAS issued the Bonds on behalf of Smarr Heating & Air.

18. Smarr Heating & Air contracted with CF Evans Construction Company, LLC (the "**Bond Obligee**") for installation of the Heating Ventilation and Air Conditioning in the Still Hopes Nursing Addition Phase I project at the South Carolina Episcopal Home at Still Hopes in Lexington County, West Columbia, South Carolina (the "**Project**").

19. The Bond Obligee notified NAS, by letter dated September 19, 2018, that Smarr

4

Heating & Air is in default under the terms of the contract for the Project. Further, NAS has received several claims under the Bonds from Smarr Heating & Air's subcontractors and suppliers.

20. To date, NAS has paid $700,952.67 pursuant to the terms of the Bonds, as follows:

a. NAS paid claimant Construction Refrigeration Services $322,658.10 for labor, materials and/or equipment furnished under the Bonds. NAS may incur additional losses with regard to this claim. NAS has incurred and continues to incur costs, fees and expenses in investigating this claim under the Bonds.

b. NAS paid claimant MCME Mechanical, LLC $42,557.75 for labor, materials and/or equipment furnished under the Bonds. NAS may incur additional losses with regard to this claim. NAS has incurred and continues to incur costs, fees and expenses in investigating this claim under the Bonds.

c. NAS paid claimant Hahn-Mason Air Systems, Inc. $321,007 for labor, materials and/or equipment furnished under the Bonds. NAS has incurred costs, fees and expenses in investigating this claim under the Bonds.

d. NAS paid claimant Epting Distributors, Inc. $14,702.82 for labor, materials and/or equipment furnished under the Bonds. NAS has incurred costs, fees and expenses in investigating this claim under the Bonds.

21. In addition to the amounts referenced above in Paragraph 20, the Bond Obligee, and MSS Solutions, LLC have also asserted claims against NAS under the Bonds. NAS is still investigating the claims asserted by the Bond Obligee.

22. To date, NAS has incurred $19,383.00 in attorneys' fees and $20,653.87 in

construction consultant fees. NAS will continue to incur additional attorneys' and construction consultant fees going forward as a result of the claims made under the Bonds and as NAS asserts its rights under the Indemnity Agreement.

23. NAS reserves the right to supplement these damages because NAS continues to investigate bond claims and incurs costs, expenses and fees.

24. NAS has incurred loss, damages, costs and expenses, including but not limited to court costs, interest, and attorney's fees as a result of Defendants' default and as a result of having furnished the Bonds for Smarr Heating & Air and as a result of enforcing its rights under the Indemnity Agreement. As a result, Defendants are in default of the Indemnity Agreement.

25. NAS anticipates further loss, damages, costs and expenses as a result of having furnished the Bonds.

26. Defendants' breach of the Indemnity Agreement has caused NAS to incur damages in an amount yet to be determined as well as other damages for which NAS has no adequate remedy at law.

27. NAS has reminded Defendants of their obligations under the Indemnity Agreement, including their obligation to provide NAS with access to their books, records, and accounts.

28. NAS has retained the undersigned counsel to prosecute this action and is obligated to pay counsel a reasonable fee. Pursuant to Paragraph Two of the Indemnity Agreement, NAS is entitled to recover the attorneys' fees incurred in this matter.

**AS A FIRST CAUSE OF ACTION**
**Breach of Contract – Specific Performance**

29. NAS incorporates the above paragraphs herein by reference as if stated verbatim.

30. Pursuant to Paragraph Two of the Indemnity Agreement, Defendants each agreed

to indemnify, exonerate and hold NAS harmless from and against any and all liability, loss, costs, damages, fees of attorneys and consultants and other expenses, including interest, which NAS may sustain or incur by reason of, or in consequence of, the execution of the Bonds.

31.    NAS has incurred losses, damages and expenses because of having furnished bonds on behalf of Smarr Heating & Air, and because of Defendants' failure to discharge their obligations under the Indemnity Agreement, and NAS will continue to incur substantial losses, damages and expenses in an amount yet to be determined.

32.    Additionally, Pursuant to Paragraph Fourteen of the Indemnity Agreement, Defendants are obligated to provide access to their books, records, and accounts at any time, and NAS may obtain a decree of specific performance in the event that the Defendants refuse to provide access to their books, records, and accounts.

33.    Despite NAS's demands, Defendants have failed to comply with their contractual obligations, have failed to fully reimburse NAS for its losses, have failed to provide NAS with access to their books, records, and accounts, and have failed to hold the contract funds from the Bonded Contracts in trust for the benefit of NAS, subcontractors and suppliers.

34.    NAS is entitled under the Indemnity Agreement to be indemnified and held harmless with respect to these losses, damages, claims and expenses, as well as a right to recover any losses, damages and expenses that NAS will incur or sustain in the future as a result of having furnished the Bonds or as a result of any failure of Defendants to discharge their obligations under the Indemnity Agreement.

35.    NAS is also entitled under the Indemnity Agreement to recover its attorneys' fees incurred in enforcing its rights under the Indemnity Agreement.

36.    As a result of Defendants' breach of the Indemnity Agreement, NAS has been

damaged in an amount not yet determined. NAS is entitled to recover those damages from Defendants, along with prejudgment interest, costs and attorney's fees in an amount to be determined.

37. WHEREFORE, NAS respectfully requests that this Court enter an Order requiring Defendants to reimburse NAS for its losses and also to deposit with NAS all trust funds from Bonded Contracts so those funds may be held in trust for the benefit of NAS. In addition, NAS requests that the Court order, as specific performance, Defendants to provide NAS with access to their books, records, and accounts, to indemnify, exonerate and hold NAS harmless for all losses, damages, claims and expenses and order Defendants to reimburse NAS for its attorneys' fees incurred in enforcing its rights under the Indemnity Agreement.

### AS A SECOND CAUSE OF ACTION
**Common Law Indemnity**

38. NAS incorporates the above paragraphs herein by reference as if stated verbatim.

39. NAS has acted as surety for Smarr Heating & Air in connection with the Bonds and, in its capacity as surety, has expended and may expend additional funds on behalf of Smarr Heating & Air. NAS's liability for the expenditure of funds is or will be derivative and vicarious of the liability of Smarr Heating & Air and is solely due to the actions of Smarr Heating & Air without any independent or contributing fault on the part of NAS.

40. As a result of Smarr Heating & Air actions or inactions with regard to its payment obligations to its subcontractors and suppliers on the Bonded Contracts, NAS has been and may continue to be obligated to pay losses and claims under the Bonds.

41. As a result, NAS is entitled to reimbursement from Smarr Heating & Air for the costs and expenses incurred by NAS in connection with the Bonds and any claims asserted under them.

42. Pursuant to its common law right of indemnification, NAS is entitled to be indemnified by Smarr Heating & Air, its principal, for all losses suffered by NAS, as surety.

43. Defendants have each failed and refused to indemnify NAS in connection with these claims and payments. As a result, NAS, as surety, is entitled to a judgment in an amount yet to be determined, as well as prejudgment interest and attorney's fees, based upon its common law rights to indemnification and reimbursement from Defendants.

44. WHEREFORE, NAS respectfully requests that this Court enter judgment against Defendants for damages, costs, interest and attorneys' fees incurred by NAS and any such other relief as this Court deems necessary, just and proper.

## AS A THIRD CAUSE OF ACTION
### Breach of Express Trust

45. NAS incorporates the above paragraphs herein by reference as if stated verbatim.

46. This is an action seeking damages and equitable relief for the breach of an express trust agreement between NAS and Defendants.

47. Pursuant to the Indemnity Agreement, the Defendants each covenanted and agreed that all payments received for the Bonded Contracts shall be held as a trust fund for the benefit of NAS and for the payment of Smarr Heating & Air's subcontractors and suppliers.

48. Defendants have failed to hold the contract funds of the Bonded Contracts in trust as required by the Indemnity Agreement.

49. WHEREFORE, NAS respectfully requests that this Court enter a judgment against Defendants for damages, along with an award of pre-judgment interest, costs, and attorneys' fees. In addition, NAS respectfully requests a decree compelling Defendants to perform their obligations as trustees of NAS and deposit all trust funds with NAS, along with such other relief as this Court deems necessary, just and proper.

## AS A FOURTH CAUSE OF ACTION
### Declaratory Judgment

50. NAS incorporates the above paragraphs herein by reference as if stated verbatim.

51. An actual and justiciable controversy exists between NAS and Defendants, as Defendants seek to avoid indemnifying, reimbursing and exonerating NAS, notwithstanding the relevant language of Indemnity Agreement.

52. NAS seeks a declaration of its rights, pursuant to 28 U.S.C. §§2201 and 2202.

53. Specifically, NAS seeks a declaration that, pursuant to Paragraph Two of the Indemnity Agreement, Defendants are obligated to exonerate, hold harmless and indemnify NAS from and against any and all liability, loss, costs, damages, fees of attorneys and consultants and other expenses, including interest, which NAS may sustain or incur by reason of, or in consequence of, the execution of the Bond.

54. Further, NAS seeks a declaration that, pursuant to Paragraph Fourteen of the Indemnity Agreement, Defendants are required to provide access of its books, records, and accounts to NAS.

55. Further, NAS seeks a declaration that, pursuant to Paragraph Three of the Indemnity Agreement, Defendants are required to immediately deposit with NAS funds deemed necessary in NAS's discretion to protect it from all losses or expenses.

### PRAYER FOR RELIEF

WHEREFORE, NAS prays for the following relief:

a. For an Order entering judgment against Defendants, jointly and severally, for losses, damages, costs, expenses incurred and paid by NAS as of the date of the judgment;

b. For an Order requiring Defendants to specifically perform their obligations pursuant to the Indemnity Agreement;

10

c.      For an Order requiring Defendants to provide NAS with access to its books, records, and accounts;

d.      For an Order requiring Defendants to exonerate, hold harmless and indemnify NAS with respect to any and all liability, loss, costs, damages, fees of attorneys and consultants and other expenses, including interest, which NAS may sustain or incur by reason of, or in consequence of, the execution of the Bond;

e.      For an Order requiring Defendants to immediately collateralize and place NAS in funds in an amount sufficient to cover the losses it may sustain or incur by reason of furnishing the Bond or by reason of the failure of Defendants to discharge any obligations under the Indemnity Agreement;

f.      For an Order granting a lien upon all of the assets and real and personal property in which an interest is held by Defendants or their executors, administrators, distributees, successors and assigns or anyone acting in concert with them or on their behalf, against any and all losses that NAS may sustain or incur by virtue of having furnished the Bond on behalf of Smarr Heating & Air or by reason of the failure of Defendants to discharge any obligations under the Indemnity Agreement, and to remain in effect unless and until NAS shall be placed in funds or otherwise secured as required by the Indemnity Agreement;

g.      For an Order permanently enjoining and restraining Defendants and their accountants, executors, administrators, distributes, successors and assigns, or anyone acting in concert with them or on their behalf from withdrawing, transferring or otherwise disposing of or encumbering their assets or real or personal property in any manner;

h.      For a declaration that, pursuant to Paragraph Three of the Indemnity Agreement, Defendants are required to immediately deposit with NAS funds deemed necessary in NAS's

discretion to protect it from all losses or expenses; and

  i.  For such further relief, both general and specific, and at law or equity, as may be appropriate in accordance with the nature of this cause.

Respectfully submitted,

              WOMBLE BOND DICKINSON (US) LLP

              s/William R. Warnock, Jr.
              William R. Warnock, Jr., Fed. ID No. 10460
              5 Exchange Street
              P.O. Box 999
              Charleston, SC 29402
              (843) 722-3400
              bill.warnock@wbd-us.com

              *Counsel for Plaintiff*
              *North American Specialty Insurance Company*

January 22, 2018
Charleston, South Carolina